**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOUGLAS CAVANAUGH, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERSTOCK, INC., a Delaware Corporation; and DOE 1,<br><br>Defendants. | Case No.: 1:21-cv-3796<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT; AND<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT.<br><br><br>Jury Trial Demanded |

Plaintiff Douglas Cavanaugh ("Cavanaugh" or "Plaintiff"), by and through his undersigned attorney, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff Douglas Cavanaugh is a Pennsylvania artist whose unique artwork incorporates various Celtic and Nordic themes, including unique depictions of mythological creatures. Cavanaugh's livelihood is dependent on his ability to license his artwork and sell merchandise bearing his designs. Unfortunately, Cavanaugh's artwork, titled "Fenrir: The Monster Wolf of Norse Mythology," ("the Subject Work") has been misappropriated, displayed, and distributed as vector artwork on Shutterstock, Inc.'s ("Shutterstock") website and digital image marketplace, www.shutterstock.com ("Shutterstock Website"). Despite Shutterstock's receipt of a fully compliant takedown notice under the Digital Millennium Copyright Act ("DMCA") from Plaintiff, Plaintiff's copyrights continue to be infringed on the Shutterstock Website. This action is brought

to address Shutterstock's failure to comply with the DMCA in removing a single listing, and the resulting ongoing and willful infringement of Plaintiff's rights in and to the Subject Work.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Defendant Shutterstock, Inc. is subject to personal jurisdiction in New York because it maintains its principal place of business, located at 350 5th Ave 21st Floor New York, NY 10118.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) and (c)(2) because this is the judicial district in which a substantial part of the events giving rise to the claim occurred and this is the jurisdiction in which Defendant may be found.

## PARTIES

5. Plaintiff Douglas Cavanaugh ("Plaintiff") is an individual domiciled and residing in Ferndale, Pennsylvania.

6. Upon information and belief, Defendant Shutterstock is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in New York, New York.

7. Upon information and belief, Defendant Doe 1, is the individual/organization that misappropriated the Subject Work without Plaintiff's consent, or have contributed to said infringement, and placed the misappropriated vector artwork on the Shutterstock Website. The true names, whether corporate, individual, or otherwise of Defendants Doe 1, are presently unknown to Plaintiff, who therefore sues said Defendant by such fictitious names and will seek

leave to amend this complaint to show their true names and capacities when the same have been ascertained.

8. Upon information and belief, and at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S WORK
## "FENRIR: THE MONSTER WOLF OF NORSE MYTHOLOGY"

9. Prior to the conduct complained of herein, Plaintiff composed the Subject Work - an original two-dimensional artwork for use, license, and sale on t-shirts and other products. The Subject Work was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

10. Plaintiff applied for a United States copyright registration for the Subject Work. The resulting U.S. Copyright Registration No. VA 2-119-205 has an effective date of December 11, 2017. The Copyright Registration Certificate and accompanying deposit materials are annexed hereto as **EXHIBIT A**.

11. Prior to the acts complained of herein, Plaintiff published the Subject Work onto his website, www.CelticHammerClub.com and offered it for sale on t-shirts and other products via his own website, and also third party websites, including but not limited to, RedBubble.com and TeePublic.com.

12. Plaintiff actively monitors for infringements of the Subject Work. On April 14, 2021, Plaintiff discovered the Subject Work as a vector artwork on the Shutterstock Website and that the same is available to consumers to download, edit, alter, manipulate, or otherwise misappropriate.

13. Shortly after Plaintiff's discovery, Plaintiff submitted a notice of copyright infringement to Shutterstock, in compliance with the Digital Millennium Copyright Act ("DMCA"), as well as Shutterstock's own DMCA Copyright Infringement Notice Policy, which directs rights owners to submits notices of infringement to infringementclaims@shutterstock.com. A copy of the DMCA takedown notice is annexed hereto as **EXHIBIT B**.

14. The notice specifically alerted Shutterstock to a single listing on the Shutterstock Website.

15. In response to Plaintiff's DMCA takedown notice, and shortly after sending the notice on April 14, 2021, Plaintiff received an automated message confirming Shutterstock's receipt of the same by Shutterstock's "IP Team."

16. Plaintiff received no further communication from Shutterstock regarding the single listing, and, as of the date of this filing, **the listing remains active**. A true and accurate screen capture of the infringing listing, taken in Google Chrome's "Incognito Mode," is annexed hereto as **EXHIBIT C**.

17. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to

liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## DMCA SAFE HARBOR PROTECTION

18. As a party that asserts that it is an online service provider who hosts content for third parties, Shutterstock may claim protection under the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

19. Upon information and belief, Shutterstock can remove each listing for infringing material that is hosted on the Shutterstock Website.

20. Shutterstock has a registered an agent with the United States Copyright Office for receipt of DMCA notices.

21. Shutterstock also maintains a DMCA Copyright Infringement Notice Policy which directs rights owners to submit their notices to infringementclaims@shutterstock.com.

22. Plaintiff submitted a DMCA compliant notice to Shutterstock requesting removal of the single listing and received an automated response that Plaintiff's notice was received by Shutterstock's "IP Team" on April 14, 2021.

23. Plaintiff notified Shutterstock to just one specific listing on the Shutterstock Website. Nevertheless, Shutterstock has failed to disable access to the listing or substantively respond to Plaintiff's notice.

24. Because Shutterstock has failed to respond to Plaintiff's DMCA notice expeditiously, it cannot claim protection under the DMCA's Safe Harbor as contemplated by 17 U.S.C. § 512.

25. Upon information and belief, Shutterstock continues to profit from sales of the infringing vector artwork.

## FIRST CLAIM FOR RELIEF
(For Copyright Infringement – Against All Defendants, and Each)

26. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

27. Plaintiff is, and at all relevant times has been, the owner of the Subject Work.

28. The Subject Work is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

29. Plaintiff has complied in all respects with the provisions and requirements of the Copyright Act.

30. Plaintiff duly registered the copyright to the Subject Work with the United States Copyright Office prior to the acts complained of herein.

31. Plaintiff has exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the Subject Work.

32. Without Plaintiff's authorization, the Subject Work is being publicly displayed on the Shutterstock website, and distributed directly to consumers as freely useable/editable vector artwork.

33. Defendants, and each of them, had actual knowledge of the infringement of Plaintiff's copyrights.

34. Plaintiff provided notice to Shutterstock in compliance with the DMCA and Shutterstock failed to expeditiously disable access to, or remove, a solitary listing on the Shutterstock Website.

35. Shutterstock had actual knowledge of the infringing listing on the Shutterstock Website.

36. In failing to disable and/or remove the infringing listing from the Shutterstock Website after receipt of Plaintiff's DMCA notice, Shutterstock acted willfully as contemplated by 17 U.S.C. § 504(c)(2).

37. Shutterstock directly infringed Plaintiff's copyrights by continuing to allow public access to the infringing listing on the Shutterstock Website and/or Shutterstock server or on servers controlled by Shutterstock or through access controlled by Shutterstock to third party servers, and by continuing to allow distribution of the infringing vector artwork directly to consumers who may in turn display, adapt, or otherwise use the Subject Work, all of which without Plaintiff's consent or authorization.

38. Upon information and belief, Defendants, and each of them, had access to the Subject Work through, without limitation, accessing the Subject Work (a) on Plaintiff's website; and/or (b) on various websites authorized to sell products bearing the design, including without limitation RedBubble.com and TeePublic.com; Access is also established by the striking similarity between the Subject Work and the corresponding vector artwork available for sale on the Shutterstock Website.

39. Upon information and belief, Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Work and by producing, distributing and/or selling vector artwork on the Shutterstock Website.

40. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business, including without limitation, lost profits and lost licensing revenue, in an amount to be established at trial.

41. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

42. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Work in an amount to be established at trial.

43. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**SECOND CLAIM FOR RELIEF**
(For Vicarious and/or Contributory Copyright Infringement –
Against All Defendants, and Each)

44. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

45. Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of apparel and other products featuring the Subject Work, as alleged herein.

46. Upon information and belief, Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

47. By reason of the Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

48. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for its infringement of the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Work, in an amount to be established at trial.

49. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**PRAYER FOR RELIEF**

Wherefore, with respect to each claim for relief, Plaintiff prays for judgment against all Defendants, as follows:

a) Against Defendants, and each of them, for willful copyright infringement as contemplated by 17 U.S.C. § 501;

b) Alternatively, against Defendants, and each of them, for copyright infringement;

c) Against Defendants, and each of them, for vicarious and contributory copyright infringement;

d) That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those in and to the Subject Work;

e) That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, *et seq.*;

f) That Plaintiff be awarded its costs and attorneys' fees as available under the Copyright Act U.S.C. §§ 505, *et seq.*;

g) That Defendants account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

h) That Plaintiff be awarded pre-judgment interest as allowed by law;

i) That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Respectfully submitted

Dated: April 29, 2021

By:

*/s/ Dmitry Lapin*
Dmitry Lapin, Esq.
Emily Danchuk, Esq.
Danchuk Law, LLC
2 Victoria Lane
Falmouth Maine 04105
207-464-0099
*Attorneys for Plaintiff Douglas Cavanaugh*